IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JERRIS BLANKS | § | |
| VS. | § | CIVIL ACTION NO. 5:21cv147 |
| S. SLAMONSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerris Blanks, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner filed this petition for writ of habeas corpus complaining of the conditions of his confinement at the FCI Texarkana. Petitioner alleges he has been unnecessarily exposed to COVID-19 and tuberculosis. Petitioner also complains staff has acted with deliberate indifference based on his conviction as a sex offender, and he is being denied adequate medical care.

## Analysis

*Nature of Action*

The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). A petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th

Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, petitioner's claims do not contest the fact or duration of his confinement. Instead, petitioner complains of the conditions of his confinement. Petitioner alleges he has been unnecessarily exposed to COVID-19 and tuberculosis. Petitioner also complains staff has acted with deliberate indifference based on his conviction as a sex offender, and he is being denied adequate medical care.

"[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Where a prisoner petition challenges the conditions of his confinement, the proper vehicle is a civil rights action. *See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820-21); *see also Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse affect upon the prisoner"). Therefore, petitioner's claims do not serve as a basis for habeas corpus relief, but rather possibly can form the basis for a civil rights action. Thus, petitioner must pursue his claims by filing an appropriate civil rights action. Accordingly, petitioner's petition for writ of habeas corpus should be dismissed.

In this case, it would not further the interests of justice to construe petitioner's petition as a civil rights action. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $400.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the petition should be dismissed without prejudice to petitioner's ability to pursue such claims by filing a separate civil action.

Recommendation

The above-styled petition for writ of habeas corpus should be dismissed without prejudice to petitioner's ability to pursue his claims by filing an appropriate civil action.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 29th day of December, 2021.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE